IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SAMI IBN-QUEEN, | * |
|     Plaintiff, | * |
| v. | Case No.: DLB-20-3501 |
| | * |
| T.I.M.E. ORGANIZATION, INC., *et al.*, | |
| | * |
|     Defendants. | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

On December 2, 2020, plaintiff Sami Ibn-Queen filed suit against the T.I.M.E. Organization, Inc.; TIME Organization, LLC; James Johnson; and Lamont A. Ellis (together, "TIME"), claiming that TIME failed to pay him regular and overtime pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 to 3-430, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509.  *See* Compl. ¶ 1, ECF 1; Am. Compl., ECF 27.  On April 23, 2021, plaintiff filed a motion for court approval of the settlement agreement along with declarations in support of plaintiff's attorneys' fees.  *See* Pl.'s Mot., ECF 34.  Defendants objected to the inclusion of the declarations but otherwise agreed to the motion.  *See id.* at 1 n.1.  Defendants have not filed an opposition, and the time for doing so has passed.  *See* Loc. R. 105.2(a).  I find the settlement amount and terms, including the payment to plaintiff and attorneys' fees, are reasonable and fair in light of the facts of this case.

    **I.**     **Background**

Plaintiff worked for TIME as an IEP Aide and then a One-on-One Aide.  Am. Compl. ¶¶ 15 & 27.  He was a non-exempt employee at all relevant times.  *Id.* ¶¶ 20 & 28.  Plaintiff alleges that

TIME improperly reclassified him as an independent contractor, characterized his position as exempt, and failed to pay him minimum wage and overtime wages in violation of state and federal law. *Id.* ¶¶ 40, 45, 71–74, 77–80, 83. He also brings claims for breach of contract, quantum meruit, and violation of 26 U.S.C. § 7434 of the Internal Revenue Code. *Id.* ¶¶ 3, 88, 93, & 96. The Settlement Agreement ("Agreement") releases and discharges defendants from

> any and all claims, known or unknown, which Mr. Ibn-Queen has or may have had from the beginning of time to the date of the execution of th[e] Agreement, including but not limited to the FLSA claims, federal and state law claims arising under the Maryland Wage and Hours Laws and Wage Payment and Collection Law as asserted in this Lawsuit.

*See* Agr. ¶ 3, ECF 34-1. The settlement amount of the Agreement is $33,750.00, which includes attorneys' fees and costs of $20,750. *Id.* ¶ 1.

**II.     Discussion**

The FLSA was enacted to protect workers from "substandard wages and excessive hours" that resulted from unequal bargaining power between employers and employees. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To protect workers from the ill-effects of unequal bargaining power, "[t]he FLSA does not permit settlement or compromise over alleged FLSA violations" unless there is "(1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects 'a reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Elejalde v. Perdomo Constr. & Mgmt. Serv., LLC*, No. GJH-14-3278, 2016 WL 6304660, at *1 (D. Md. Oct. 27, 2016) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Fourth Circuit has not decided the factors to determine whether an FLSA settlement should be approved. However, this Court typically adopts the standard set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), in which the Eleventh Circuit stated

that a settlement must be "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *See Elejalde*, 2016 WL 6304660, at *1 (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1355); *see also Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014); *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013). Specifically, the Court considers: "(1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 30 F. Supp. 3d at 408 (citing *Saman*, 2013 WL 2949047, at *3 (citing *Lynn's Food Stores,* 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko–Me, LLC,* No. DKC-10-2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011))). In *Duprey*, this Court explained that "these factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *See id.* (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

### 1. *Bona Fide* Dispute

To determine whether a *bona fide* dispute under the FLSA exists, this Court reviews the pleadings, the recitals in the Agreement, and other court filings in the case. *See id.* at 408. There are issues that both parties genuinely dispute. *See* Pl.'s Mot. ¶¶ 3 & 10. Significantly, the parties dispute whether plaintiff was an independent contractor and whether the defendants owe plaintiff any unpaid overtime wages and the amount of any damages. *Id.*

### 2. Fairness & Reasonableness

To determine whether an FLSA settlement is fair and reasonable, the Court considers:

(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the

absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Yanes v. ACCEL Heating & Cooling, LLC*, No. PX-16-2573, 2017 WL 915006, at *2 (D. Md. Mar. 8, 2017) (quoting *Lomascolo*, 2009 WL 3094955, at *10).  These factors are applied here.

First, the parties have engaged in formal written discovery, including interrogatories and document production.  *See* Pl.'s Mot. ¶ 5.

Second, the parties engaged in settlement negotiations before taking any depositions.  This timing was purposeful.  Depositions would require a significant investment of time and effort and would be expensive for both sides.  In addition, plaintiff filed a motion to strike defendants' answer and a motion to amend his complaint.

Third, there is no evidence of fraud or collusion in the settlement.  The parties spent many hours negotiating a settlement before the undersigned.  Before their negotations, they had sufficient opportunities to evaluate their claims and defenses in the light of the evidence they exchanged through written discovery.  Armed with this information, the parties engaged in "informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case."  *See Yanes*, 2017 WL 915006, at *2 (quoting *Lomascolo*, 2009 WL 3094955, at *11).

Fourth, the parties are represented by competent and experienced counsel.  *See* Pl.'s Mot. ¶ 11.  Plaintiff's attorneys "are experienced employment and wage and hour attorneys who have been practicing in this area of law more than twenty years."  *Id.*  Defendants are represented by counsel with more than 45 years' experience from a law firm that handles litigation on behalf of large and small companies as well as individuals.

The fifth factor—the opinions of class counsel—is not relevant because this is not a class action settlement.  *See Lomascolo*, 2009 WL 309495, at *10.

Regarding the sixth factor, the parties agree that the $33,750.00 settlement amount, including $20,750.00 in attorneys' fees and costs, is fair and reasonable, given the risks of litigation.  Pl.'s Mot. ¶¶ 9–11.  It is noteworthy that the parties dispute both liability and damages.  *Id.* at ¶ 10.

Upon consideration of these factors, the Court finds the settlement to be fair and reasonable.

### 3.  Attorneys' Fees

The Court also must determine whether the attorneys' fees and costs are reasonable.  *See Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012).  The Agreement provides for attorneys' fees of $20,000.00 and costs of $919.95.  Jt. Mem. 7; Agr. ¶ 2.  When the Court calculates an award of attorneys' fees, it must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended."  *See Lopez*, 838 F. Supp. 2d at 348.  The Fourth Circuit addressed specific factors district courts should consider in determining the reasonableness of the fee in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978).  They are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28.

Here, plaintiff's counsel agreed to accept $20,750.00 for fees and costs. *See* Mot. ¶ 11. Plaintiff's counsel "dedicated over $50,842.50 dollars in attorney time," which plaintiff "calculated by multiplying the hours spent on this matter [113] times $450 dollars per hour." Azerado Decl. ¶ 4, ECF 34-2; Romberger Decl. ¶ 4, ECF 34-3. These hours include time spent investigating plaintiff's claims, attempting pre-suit settlement negotiations, conferring with the plaintiff regarding the facts underlying his claims and settlement negotiations, analyzing plaintiff's potential damages, and negotiating the settlement. An hourly rate of $450 is consistent with this Court's guidelines for attorneys who, like plaintiff's counsel, have been in practice for more than 20 years. *See* Loc. R. App'x B, ¶ 3(e) (D. Md.) (providing range of $300–475 for an attorney who has been in practice for 20 years or more). Ms. Azerado stated that she typically charges $475 per hour, and Mr. Romberger stated that "$450 is in the middle range of the hourly rate that [he] usually charge[s] full paying hourly clients." Azerado Decl. ¶ 4; Romberger Decl. ¶ 4. The agreed-upon amount is less than half of the amount they otherwises would have charged. The Court finds the attorneys' fees and costs are fair and reasonable.

## **ORDER**

For the reasons stated above, it is, this <u>11th</u> day of <u>May</u>, <u>2021</u>, hereby ORDERED that:

1. The Joint Motion for Approval of Settlement, ECF 34, is GRANTED; and
2. The Clerk is DIRECTED to CLOSE THE CASE.

                                                              /S/
                                      Deborah L. Boardman
                                      United States Magistrate Judge